IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 05-30161 |
| | | (Chapter 13) |
| DAVID AND LISA ANDERSON | § | |
| DEBTORS | § | |
| | § | |

MEMORANDUM OPINION ON AMENDED MOTION TO VACATE ORDER ON
DEBTORS' OBJECTION TO PROOF OF CLAIM OF CITIFINANCIAL MORTGAGE
COMPANY PURSUANT TO FRCP 59(b) AND 60(b)

I. INTRODUCTION

The Court has decided to issue this Memorandum Opinion to emphasize its concern over the all-too-frequent practice among some consumer creditors' attorneys – perhaps at the insistence of clients intent on drastically minimizing their fees and expenses – that they can expect the Court to accept allegations in pleadings as sworn testimony and therefore need not bring any witnesses to hearings or be concerned about properly introducing exhibits into the record. The result in the case at bar underscores the danger to this approach.

This contested matter concerns the objection of David and Lisa Anderson (the Debtors) to a proof of claim filed by CitiFinancial Mortgage Company (Movant) in the above styled bankruptcy. In their objection, the Debtors do not contest the amount of the claim. However, the Debtors and Movant dispute whether the claim is secured or unsecured.

On June 20, 2005, after a hearing on the Debtors' Objection to Movant's Proof of Claim (the Objection to Proof of Claim), at which Movant did not appear, this Court issued an order disallowing such claim as a secured claim (the Order). This Court issued its ruling based on Movant's failure to attach any documents to its Proof of Claim evidencing the existence and nature of such claim, as well as Movant's failure to appear at the hearing and offer evidence of the secured

1

nature of such claim.

On July 26, 2005, this Court held a hearing on the Amended Motion to Vacate Order on Debtors' Objection to Proof of Claim of Movant Pursuant to FRCP 59(b) and 60(b). At that time, although Movant made arguments about the nature of its alleged lien and what Movant considers the equities of the situation, Movant wholly failed to introduce any evidence into the record showing why Movant failed to appear at the June 20 hearing or that it actually holds a lien on the subject property. In addition, Movant did not introduce any evidence regarding its failure to attach documents to its proof of claim. Consequently, this Court denied the Motion to Vacate.

## II. FINDINGS OF FACT

The facts, either as stipulated to or admitted by counsel of record, or as determined from the record, in chronological order, are as follows:

1. On January 3, 2005, the Debtors voluntarily filed a Chapter 13 petition. (Docket No. 1).

2. On January 19, 2005, the Debtors filed their Schedules and Statement of Financial Affairs. (Docket No. 6). The Debtors listed Movant on Schedule F (Creditors Holding Unsecured Nonpriority Claims) with a "disputed" claim of $31,914.89. On their Schedule F, the Debtors listed Movant's address as: P. O. Box 8019, South Hackensack, New Jersey 07606.

3. On February 22, 2005, Movant filed its Proof of Claim for the amount of $31,914.89. (Claim No. 10). On the claim form, FORM B10 (Official Form 10), Movant listed its address where notices should be sent as: CitiFinancial Mortgage Company, P. O. Box 140609, Irving, Texas 75014. Movant checked the boxes indicating that its claim was secured by real estate collateral. Contrary to directions printed on the form, Movant did not "attach copies of supporting documents, such as . . . mortgages, security agreements, and evidence of perfection of lien."

4. On May 4, 2005, the Chapter 13 trustee filed his Notice of Confirmation and Plan Summary, which gave notice of a hearing on confirmation of the Plan to be held on May 23, 2005. Notice was electronically sent by the Clerk of the Court to Mary A. Daffin, an attorney at the law firm of Barrett Burke Wilson Castle Daffin & Frappier, L.L.P. (Barrett Burke.) (Docket Nos. 15 and 16).

5. On May 19, 2005, the Debtors filed the Objection to Proof of Claim. On the certificate of service, Debtor's counsel certified that notice was sent to Movant, by regular first class mail, to the post office box in Irving, Texas, which was listed in Movant's proof of claim (see no. 3, above.) (Docket No. 20).

6. On May 23, 2005, the Court continued the confirmation hearing until June 20, 2005 at 9:00 a.m. The Clerk of the Court again electronically sent notice of this hearing to Mary Daffin at Barrett Burke. (Docket No. 22).

7. On May 24, 2005, Counsel for the Debtors filed a Notice of Hearing on the Objection to Proof of Claim notifying Movant of the hearing on the Objection at 8:30 a.m. on June 20, 2005. Debtors' Counsel certified that notice was sent to Movant by regular first class mail at the post office box in Irving that Movant had listed in its proof of claim (see no. 3, above.) (Docket No. 21).

8. On June 16, 2005, Walter Thurmond, an attorney at Barrett Burke, as counsel for Movant, filed Movant's Objection to Confirmation of Debtors' Chapter 13 Plan (Objection to Confirmation). (Docket No. 24).

9. On June 20, 2005, this Court called the hearing on the Objection to Proof of Claim at or about 9:39 a.m. Neither Movant nor counsel for Movant appeared. The Court set the file aside and announced that it would recall the matter later in the morning in the hope that Movant and its counsel would eventually appear. At or about 10:19 a.m., this Court again

called the hearing on the Objection to Proof of Claim as well as the hearing on the confirmation of Debtors' Plan; again, neither Movant nor counsel for Movant appeared. This Court then sustained Debtors' Objection to Proof of Claim and issued the Order, which provides that Movant's claim is disallowed as a secured claim. (Docket No. 26, and FTR tape of hearing).

10. On June 23, 2005, Walter Thurmond, an attorney at Barrett Burke, counsel for Movant, filed Movant's Response to Debtors' Objection to Proof of Claim. (Docket No. 25).

11. On June 29, 2005, the Clerk of the Court, on behalf of the Chapter 13 trustee, sent electronic notice of the rescheduled confirmation hearing set for July 25, 2005 at 9:00 a.m. to, among others, Walter Thurmond and Mary Daffin at Barrett Burke. (Docket No. 27).

12. On June 30, 2005, RJ Bryant, yet another attorney at Barrett Burke, counsel for Movant, filed Movant's original Motion to Vacate Order on Debtors' Objection to Proof of Claim of Movant Pursuant to FRCP 59(b) and 60(b). (Docket No. 29). Immediately above the title of the motion on page 1, it is set forth that the hearing on the Motion to Vacate would be held on July 26, 2005 at 9:00 a.m.

13. On July 2, 2005, the Clerk of the Court sent electronic notice to Walter Thurmond at Barrett Burke of the rescheduled confirmation hearing set for July 25, 2005 at 9:00 a.m. (Docket No. 30).

14. On July 18, 2005, the Debtors filed their Response to Movant's original Motion to Vacate Order. (Docket No. 31).

15. On July 18, 2005, Walter Thurmond, on behalf of the Movant, filed Movant's Amended Motion to Vacate Order on Debtors' Objection to Proof of Clam of Movant Pursuant to FRCP 59(b) and 60(b) (the Motion to Vacate.) (Docket No. 33).

16. On July 25, 2005, this Court continued the confirmation hearing until August 22, 2005. (FTR tape of hearing and Docket No. 36).

17. On July 26, 2005, this Court held the hearing on Movant's Motion to Vacate. Walter Thurmond of Barrett Burke appeared as counsel for Movant. Mr. Thurmond did not introduce any exhibits or call any witnesses to testify. He made solely legal arguments. Counsel for the Debtors, Richard Aurich, chose to rebut Mr. Thurmond's legal arguments and decided not to introduce any exhibits or adduce any testimony. At the conclusion of this hearing, this Court denied the Motion to Vacate and announced that the Order will continue to stand.

18. On August 22, 2005, this Court signed an Order Confirming the Debtor's Plan and Related Orders (the Plan). (Docket No. 52). Under the Plan, unsecured creditors, including the Movant, are to receive a distribution or distributions totaling approximately 2.18% of their respective claims. (Docket No. 51).

### III. CONCLUSIONS OF LAW

**A.  Jurisdiction and Venue**

This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A) and (B) and § 1334(a). The Motion to Vacate is a contested matter pursuant to Bankruptcy Rule 9014. Venue of this Chapter 13 case in this district is proper pursuant to 28 U.S.C. 1408(1).

**B.  Movant's proof of claim did not establish a lien on any property of the Debtors.**

A creditor holding a lien against a debtor may file a proof of claim, which is deemed allowed unless a party in interest objects. 11 U.S.C. §501(a) and § 502(a). If the claim is based on a writing, the original or duplicate of such writing must be filed with the proof of claim. Bankruptcy Rule 3001(c). Further, if a creditor claims a security interest in property of the debtor, proof that the security interest has been perfected must accompany the proof of claim. Bankruptcy Rule 3001(d).

If the proof of claim is filed in accordance with the bankruptcy rules, it will "constitute *prima facie* evidence of the validity and amount of the claim." Bankruptcy Rule 3001(f).

Therefore, as the Fifth Circuit has said, "a party correctly filing a proof of claim is deemed to have established a *prima facie* case against the debtor's assets." *In re Fidelity Holding Co., Ltd.*, 837 F. 2d 696, 698 (5th Cir. 1988); *see also In re O'Connor*, 153 F. 3d 258, 260 (5th Cir. 1998); *In re Armstrong*, 320 B.R. 97, 102 (Bankr. N.D. Tex. 2005). If, however, the relevant documentation is missing, the creditor may not rest on the proof of claim to establish its lien against the debtor's assets. *In re Stoecker*, 5 F. 3d. 1022, 1028 (7th Cir. 1993); *see also In re Consolidated Pioneer Mortgage*, 178 B.R. 222, 227 (9th Cir. B.A.P. 1995); *In Re Dudley*, 230 B.R. 96, 98 (Bankr. N.D. Tex. 1999.) In such a case, the creditor must establish its lien in one of two ways: (1) amend its incomplete proof of claim; or (2) introduce evidence at a hearing proving up the lien. *In re Armstrong*, 320 B.R. at 108.

In the case at bar, Movant failed to attach any documents at all to its proof of claim to establish that Movant holds a properly perfected lien on any property of the Debtors. Movant could not establish its lien against Debtors' property. Nor did Movant ever attempt to amend its proof of claim. Further, Movant failed to appear at the June 20 hearing, and therefore did not adduce testimony and provide evidence of the secured nature of its claim.

Nevertheless, this Court allowed Movant an additional opportunity at the hearing on July 26, 2005 to prove the secured nature of its claim. At that time, counsel for Movant appeared. Such counsel had full opportunity to introduce exhibits, including a deed of trust evidencing Movant's perfected lien and an assignment of the deed of trust evidencing that Movant is the present owner and holder of the deed of trust, and to adduce testimony from witnesses, including representatives of the Movant and the Debtors. By its lack of action, Movant did nothing to prove up its properly perfected lien. Therefore, this Court finds that Movant's claim may not be allowed as a secured claim.

### C. Movant received adequate notice of the hearing on June 20, 2005.

In its Motion to Vacate, Movant complains that the Debtors sent notice of the Objection to Proof of Claim to a post office box address where payments are sent and not to the registered agent

or to Movant's correspondence address. Movant further complains that the Debtors did not serve Movant with notice of the hearing on June 20, 2005. In both instances, the Debtors' counsel certified that he had sent notice to the post office box in Irving, Texas, which the Movant itself had listed on the proof of claim as the address "where notices should be sent."

With respect to its claim that the Debtors did not serve Movant with notice of the June 20 hearing, Movant is claiming by implication that it had not received notice of such hearing. However, "[a] presumption of receipt is established by showing of proper mailing." *In re State Line Hotel, Inc.*, 323 B.R. 703, 709 N.5 (B.A.P. 9th Cir. 2005) (citations omitted). It is clear that "denial of receipt is insufficient to rebut a presumption that proper notice was given." *In re Eagle Bus Mfg.*, 62 F. 3d 730, 735 (5th Cir. 1995), citing *In re Schepps Food Stores, Inc.*, 152 B.R. 136, 139 (Bankr. S.D. Tex. 1993), following *In re Bucknum*, 951 F. 2d 204, 207 (9th Cir. 1991), and *Osborn v. Ricketts (In re Ricketts)*, 80 B.R. 495, 497 (9th Cir. 1987). The issue, then, is not whether notice was received but rather whether it was properly sent. *Id.*

The United States Supreme Court has held that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 304, 314 (1950) (citations omitted); *In re Christopher*, 28 F. 3d 512, 516 and 519 (5th Cir. 1994). Counsel for the Debtors sent notice by U.S. mail to Movant at the address which Movant itself provided on its proof of claim expressly for the purpose of receiving notice. Notice to such address meets the requirements of Bankruptcy Rule 3007, which the courts require as a minimum standard. *In re Laurah Ann Morton*, No. 02-10507, 2003 Bankr. LEXIS 1464, at *4 (Bankr. N.D. Tex. Nov. 10, 2003).

Some courts have gone further and held that objections to claims, as contested matters, must be served in compliance with Bankruptcy Rule 7004. FED. R. BANKR. P. 9014(b); *In re Tudor*, 282 B.R. 546, 549 (Bankr. E.D. GA. 2002); *In re Boykin*, 246 B.R. 825, 827 (Bankr. E.D. VA. 2000). Bankruptcy Rule 7004(b)(3) provides that service may be made within the U.S. by first class mail upon a corporation by mailing a copy of the summons and complaint [i.e., the objection] to the attention of "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." Under this theory, the Debtors' notice to

Movant was sufficient and proper because Movant had, by its own hand or that of its agent, blessed the address on its proof of claim as the correct address for notice to it or, by implication, its agent. Consequently, "an objection to a proof of claim is properly served on a corporation (under Rule 7004(b)(3)) if served on the person named on the proof of claim at the address given for notice." *State Line Hotel*, 323 B.R. at 710; *In re Ms. Interpret*, 222 B.R. 409, 415 (Bankr. S.D.N.Y. 1998); *In re Rushton*, 285 B.R. 76, 81 (Bankr. S.D.Ga. 2002) (following *Ms. Interpret*). In this case, a business entity, i.e., Movant itself, was named on the proof of claim to receive notice; but no particular individual was named. If Movant had intended notice to go to a particular individual, Movant should have named such individual on its proof of claim.

Nevertheless, this Court holds that the better analysis leads to the conclusion that mailing as required by Rule 3007 constitutes sufficient and proper service, and that service under Rule 7004 is not required. Rule 9014 (a) states that "in a contested matter in a case under the Code *not otherwise governed by these rules*, relief shall be requested by motion, . . ." (Emphasis added.) Subsection (b) goes on to state that such "motion shall be served in the manner provided for service of a summons and complaint by Rule 7004." An objection to a claim is a contested matter not commenced by a motion and that is otherwise governed by Rule 3007; therefore, Rule 7004 does not govern. Further, since Rule 3007 is the specific rule concerning objections to claims, it controls service of such an objection rather than the more general Rule 9014(b). *State Line Hotel*, 323 B.R. at 712; *In re Hejl*, 85 B.R. 399, 400 (Bankr. W.D. Tex. 1988). Therefore, under Rule 3007, once a creditor has submitted itself to the court's jurisdiction by way of filing a proof of claim, "due process is satisfied by mailing the objection and notice to the name and address specified on the poof of claim for the receipt of notices in the case." *In re Hawthorne*, 326 B.R. 1, 8 (Bankr. D.C. 2005).[1]

Consequently, by mailing notice to Movant at the address Movant itself provided on its proof of claim, the Debtors gave Movant proper and sufficient notice of its objection to Movant's proof of claim. If there was an error, it resulted directly from Movant's own actions. This Court will not penalize one party for actions arising solely out of another party's mistakes and finds that Movant received due process.

---

[1] *In re Hawthorne* contains an excellent analysis of this issue by the Bankruptcy Court for the District of Columbia.

This Court further finds that Barrett Burke, counsel for the Movant, had notice as of May 23, 2005 of the upcoming June 20 confirmation hearing on the Debtors' Chapter 13 Plan, which was set for the same day, and virtually the same time, as the hearing on the Objection to Proof of Claim. Had any attorney from Barrett Burke appeared for the confirmation hearing, he or she would have been present when the hearing on the Objection to Proof of Claim was called. Such attorney could have made arguments opposing the Debtors' Objection to Proof of Claim, which Objection was expressly referenced in paragraph IV of the Movant's Objection to Confirmation of Debtors' Chapter 13 Plan. Indeed, the fact that counsel for the Movant referenced the Debtors' Objection to Proof of Claim in paragraph IV in Movant's Objection to Confirmation indicates that Movant's counsel had notice of the Debtors' Objection by no later than June 16 (the date of the filing of the Movant's Objection to Confirmation). Movant's counsel therefore had ample time to properly prepare for the June 20 hearing on the Debtors' Objection to Proof of Claim.[2]

At the July 26 hearing, Mr. Thurmond argued that although notice of the June 20 hearing was sent to the law firm of Barrett Burke, it was more particularly sent to Mary Daffin, rather than to him. "It is a basic tenet of the law of agency that the knowledge of an agent, or for that matter a partner or joint venturer is imputed to the principal." *Thomas v. N.A. Chase Manhattan Bank*, 1 F. 3d 320, 325 (5th Cir. 1993) (citing *Mallis v. Bankers Trust Co.*, 717 F. 2d 683, 689 n. 9 (2nd Cir. 1983)). Likewise, notice to an agent is constructive notice to the principal. *See Michigan v. Clifford*, 464 U.S. 287, 311 n. 4 (1984). Notice to one attorney (Mary Daffin) operates as constructive notice to her colleague, Walter Thurmond, who works in the same office.

However, Mr. Thurmond further argued that Ms. Daffin represented a different creditor of the Debtors. The Court notes that the critical factor was that counsel's law firm had received notice and, since such notice concerned the confirmation of the Debtor's Plan, all creditors would be affected. If Mr. Thurmond, or any other attorney at Barrett Burke, was representing Movant, information regarding the hearing was available to that attorney through his law firm; yet, no attorney from Barrett Burke made an appearance. Mr. Thurmond is further weighed down by the

---

[2] The facts indicate that on May 24, 2005, counsel for the Debtors sent Movant a notice of the June 20 hearing on the Debtors' Objection to Proof of Claim. Thus, it is very likely that Movant's counsel had notice of this Objection well before June 16, and therefore probably had even more than four days to prepare for the June 20 hearing.

9

fact that since he personally filed Movant's Objection to Confirmation on June 16, he had an obligation to review the docket and discover that the confirmation hearing was scheduled for June 20. *In re Shepherds Hill Development Co., LLC*, 316 B.R. 406, 415 (1st Cir. B.A.P. 2004) ("Moreover, it is the litigant's duty to monitor the case docket for orders and judgments entered."); *In re Warrick*, 278 B.R. 182, 187 (9th Cir. B.A.P. 2002) ("It is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets."); *United States ex rel. McAllan v. City of New York*, 248 F. 3d 48, 53 (2nd Cir. 2001).

Thus, Movant had two chances to appear in court at the hearing on June 20. Its first opportunity was through notice sent directly to it regarding the hearing on the Objection to Proof of Claim. The second was through notice to its counsel with respect to the confirmation of the Debtors' Plan. Consequently, this Court finds that notice was sufficient and that due process was accomplished in terms of notice.

**D.   An adversary proceeding is not required under the Bankruptcy Rules.**

In its Motion to Vacate, Movant complains that the Objection to Proof of Claim was not the proper method for the Debtors to object to the Movant's secured status. Movant asserts that under Bankruptcy Rules 3007 and 7001(2), the Debtors should have filed an adversary proceeding. An attack on the validity of the lien is a challenge to the existence or legitimacy of the lien itself, which would indeed require an adversary proceeding to be initiated under Bankruptcy Rule 7001(2). *In re Beard*, 112 B.R. 951, 955 (Bankr. N.D. Ind. 1990). For example, an adversary proceeding would have been proper if the Debtors had attacked the lien as having been procured by fraud. Instead, in both their Objection to Proof of Claim and at the June 20 hearing, the Debtors first and foremost argued that the absence of any documentation attached to Movant's proof of claim requires a ruling that the claim is unsecured. Only as an alternative, should the first argument fail, have the Debtors alleged that either the security interest or the lien itself is not valid. This Court finds that the Debtors' primary argument, and the one with which this matter is concerned, is not the existence or legitimacy of Movant's lien; rather, it is the challenge to the claim's secured status due to lack of documentation, which is a contested matter governed under Rules 3007 and 9014. *Id.*

10

Movant's counsel argued that although the proof of claim did not have any documentation attached to it, he attached a copy of the deed of trust held by his client to the Motion to Vacate; and that therefore Movant has demonstrated that it holds a lien. The weakness in this argument is that the proof of claim is signed by Dianne Whatley, the Bankruptcy Manager for CitiFinancial Mortgage Company; whereas the deed of trust attached to the Motion to Vacate reflects that the beneficiary is Associates Financial Services Company of Texas, Inc., not CitiFinancial Mortgage Company. Accordingly, this document fails to constitute *prima facie* evidence of any lien held by the Movant against any property of the Debtors.

This Court has found that the Objection to Proof of Claim arose out of Movant's failure to attach evidence of a perfected security interest to its proof of claim. This basis of the Objection arose out of Bankruptcy Rule 3001(d), as discussed in paragraph **B.** above. No adversary proceeding is necessary; instead, the Debtors properly filed their written objection to the allowance of the claim under Bankruptcy Rule 3007.

### E. Movant is not entitled to equitable relief under Federal Rule of Civil Procedure 60(b).

In its Motion to Vacate, Movant has requested equitable relief under Federal Rules of Civil Procedure Rule 60(b) (1) or 60(b) (6), incorporated into contested matters in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024. Rule 60(b) provides that a court may relieve a party from a final judgment or order for "excusable neglect" or "any other reason justifying relief from the operation of the judgment." Rule 60(b)(1) and (6). At the hearing on the Motion to Vacate, Movant's counsel provided no argument as to the existence of "any other reason" justifying a vacation of the Order. Given the totality of the circumstances discussed above, this Court holds that there is no "any other reason" to vacate the Order. Hence, the sole remaining issue is whether Movant has shown "excusable neglect" under Rule 60(b)(1).

The United States Supreme Court has adopted four factors to be used in determining whether neglect can be characterized as excusable. These are: (1) the danger of prejudice to the debtor; (2) the potential impact on judicial proceedings; (3) the reason for the neglect including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395

(1993). The Supreme Court has further emphasized that the proper focus is upon the actions of both the movant and its counsel in determining whether the neglect was excusable. *Id.* at 397.

Since the Debtors filed their petition, the bankruptcy process has been moving towards confirmation and effectuation of the Plan. Indeed, this Court has confirmed the Debtors' Plan, and holders of unsecured claims, including the Movant, are to receive a percentage (approximately 2.18%) of their respective claims under the Plan. Because the Plan has been confirmed by the Court, should this Court vacate the Order, the Debtors would be significantly prejudiced and the judicial proceedings would be compromised; completed work would have to be undone and begun again. Certainly, other more diligent creditors would be negatively affected. Without a showing of truly excusable neglect, the harm to the Debtors and to the judicial proceedings would prohibit vacating the Order.

Here the neglect involves: (a) Movant's failure to attach proper documentation to its proof of claim; (b) Movant's failure to include its correct address for notices in the proof of claim; and (c) both Movant's and its counsel's failure to appear at the June 20 hearing and respond to the Objection to Proof of Claim and argue its own Objection to Confirmation. The result of this trifecta of neglect was the entry of the Order disallowing secured status for Movant's lien. Yet, both Movant and its counsel had ample opportunity to avoid committing the original act of neglect or, once committed, to have cured such neglect. They failed to avail themselves of this opportunity.

Indeed, when finally presented with a hearing on July 26, counsel for Movant did not bother to introduce evidence or call witnesses to prove the Movant's alleged lien. There is no question that the July 26 hearing on the Motion to Vacate was a contested matter governed by Bankruptcy Rule 9014. There is also no question that Bankruptcy Rule 9014(d) was "added to clarify that if the motion cannot be decided without resolving a disputed material issue of fact, an evidentiary hearing must be held at which testimony of witnesses is taken in the same manner as testimony is taken in an adversary proceeding or at a trial in a district court civil case." *In re Engage, Inc.*, 315 B.R. 217, 224 (Bankr. Mass 2004). Movant's counsel had ample time – 27 days – to prepare witnesses and, if necessary, subpoena them for the July 26 hearing; and any out-of-town witness had plenty of time

to make airplane reservations to fly to Houston for the hearing.[3]  Movant's counsel could have brought to the hearing as a witness Ms. Dianne Whatley, who signed the proof of claim on behalf of the Movant, to explain why no documentation was attached to the proof of claim; or to explain (if she knows) why the deed of trust which Movant's counsel attached to the Motion to Vacate makes reference to an entity named Associates Financial Services of Texas, Inc. instead of CitiFinancial Mortgage Company; or to produce a deed of trust (if one exists) actually naming CitiFinancial Mortgage Company as the beneficiary of any lien granted by one or both of the Debtors; or to produce a written assignment (if one exists) of the deed of trust from Associates Financial Services of Texas, Inc. to CitiFinancial Mortgage Company.  Or, Movant's counsel could have called either or both of the Debtors to the witnesses stand to try and adduce testimony to establish any of the above referenced points.  This, he failed to do.

Finally, Movant's actions were sufficiently wanting in reasonable care so as to become the equivalent of a lack of good faith.  Indeed, the United States Supreme Court has held that if a petitioner desires relief under Rule 60(b), the petitioner must go beyond ordinary "neglect" and show an "extraordinary situation" which reveals far more than a failure "due to inadvertence, indifference, or careless disregard of consequences." *Klapprott v. United States*, 335 U.S. 601, 613 (1949).  The Fifth Circuit has ruled that a petitioner's failure to establish "minimum internal procedural safeguards" was mere neglect and not excusable neglect. *Rogers v. Hartford Life and Accident Insurance Co.*, 167 F. 3d 933 (5th Cir. 1999).  To the extent that Movant's failures result from anything greater than a lack of such safeguards, Movant has not so alleged.  Indeed, this Court said at the July 26 hearing, excusable neglect requires an *excuse*.  Regrettably, counsel for Movant did not even attempt to articulate what excuse might have existed, much less attempt to adduce testimony from a representative of the Movant on this issue.

Considering the foregoing, this Court finds no basis to apply Rule 60(b) and grant equitable relief.

---

[3] The initial Motion to Vacate filed on June 30, 2005 (Docket No. 29) expressly set forth that the hearing on the Motion to Vacate would be held on July 26, 2005.  Hence, there is no question that Movant's counsel, who obtained the July 26 setting and gave notice of this setting on the first page of the Motion to Vacate, had almost four weeks to prepare and subpoena witnesses for the hearing.

### F.     Applicability of Federal Rule of Civil Procedure 59.

In Paragraph 10 of the Motion to Vacate, Movant states that such motion is timely under Rule 59(b). This conclusion is correct. Nevertheless, this Court has already granted Movant a hearing to consider vacating the Order and, at such time, Movant presented no evidence, credible or otherwise, to support its claim to having a properly perfected lien. As discussed above, Movant also failed to present any evidence supporting excusable neglect or any other reason for either amending or vacating the Order. Consequently, this Court finds that under all circumstances, the Movant has had sufficient opportunity to be heard and that there are no reasons to amend or vacate the Order.

## IV. CONCLUSION

Movant's burden was not great and yet, if it does indeed have a lien on property of the Debtors, Movant utterly failed to establish that interest. Movant could have established the secured nature of its claim merely by attaching a copy of a deed of trust to its proof of claim. After its initial error, Movant could have later established such secured status by either amending its proof of claim (and attaching the deed of trust, and any other supporting documents) or by appearing and introducing the deed of trust, and any other supporting documents, into evidence at the June 20 hearing.

Why didn't Movant appear at that the June 20 hearing? Movant argues that it had not received notice because notice of the Objection to Proof of Claim was mailed to the wrong address, an address that Movant specifically provided for just such purposes in its proof of claim. Where was Movant's counsel at the June 20 hearing? Counsel's law firm had notice of the Debtor's concurrent Plan confirmation hearing; yet, Movant's counsel did not appear. Worse, four days before the hearing, Movant's counsel voluntarily appeared before the Court personally representing Movant by filing Movant's Objection to Confirmation. Why did counsel not fulfill his duty to monitor the docket and determine the date of the confirmation hearing? The Court has no answer to these questions. Nevertheless, the Court specifically allowed Movant a hearing on the Motion to Vacate on July 26 to present arguments and evidence as to why the Court should vacate the Order. At this second hearing, Movant again had the opportunity to cure its prior mistakes by seeking to admit a deed of trust, and other supporting documents, into evidence. Once again, Movant and its counsel

failed to do the minimum necessary, and yet they rely upon a plea of equity in the hopes that this Court will vacate the Order.

As long ago as 1892, the United States Supreme Court said that "[n]o rule of law is better settled than that a court of equity will not aid a party whose application is destitute of conscience, good faith and *reasonable diligence* . . . ." *Hammond v. Hopkins*, 143 U.S. 224, 250 (1892) (emphasis added). *See also Van Senden v. O'Brien*, 58 F. 2d 689, 691 (D.C. Cir. 1932).

"Reasonable diligence" implies that, at a minimum, a party complete a form fully and correctly. With respect to Movant's failure to attach documentary evidence, the proof of claim specifically requires in item 8 that the claimant attach supporting documents. The Movant checked the secured box, checked the real estate box, and yet failed to attach a copy of a deed of trust. Movant's complete name is Citifinancial Mortgage Company. Pursuant to Federal Rule of Evidence 201 (b),(c) and (f) this Court takes judicial notice of the fact that Movant's web site states that it "is a member of Citigroup, the world's largest financial services provider." *See, In re: Agribiotech Securities Litigation*, 2000 U.S. Dist. LEXIS 5643, [HN5] (D. Nev. 2000) (discussion of judicial notice of information found on the world wide web). As employees of a sophisticated financial institution, Movant's personnel should have known to: (a) check to see if Movant had a security interest properly perfected by a deed of trust filed with the appropriate governmental entity; and (b) attach the deed of trust to the proof of claim. Not to have done so is indicative of a lack of reasonable diligence.

Beyond Movant's initial mistake in failing to attach a copy of a deed of trust to its proof of claim, reasonable diligence would also include introducing the deed of trust into evidence at a hearing specifically provided by this Court to reconsider an order regarding the secured status of Movant's claim. Counsel for Movant argued at the July 26 hearing that he had attached a copy of the near mythic deed of trust to Movant's Motion to Vacate. However, for Movant to meet its burden, Movant needed to actually introduce such deed of trust into evidence pursuant to Federal Rule of Evidence 901(a) and (b)(1) and (b)(7) and show that Movant is the present holder and owner of the deed of trust. Consequently, reasonable diligence required counsel to have introduced the correct deed of trust and any supporting documentation (such as an assignment of the deed of trust to the Movant) into evidence as an exhibit through testimony by a representative of Movant or some

15

other witness (such as the Debtors). Indeed, given that the deed of trust attached to the Motion to Vacate shows the beneficiary to be an entity other than the Movant, and given that the Debtors had at the outset of this case scheduled the Movant's claim to be an unsecured nonpriority claim of $31,914.89 in their Schedule F – as opposed to an secured claim in Schedule D – counsel for the Movant knew, or should have known, that at the July 26 hearing, counsel for the Debtors would not stipulate to the admissibility of the deed of trust attached to the Motion to Vacate.[4]

Without further mitigating circumstances, the failures described above do not cry out for equitable relief. If the reason for these failures is that the Movant is attempting to hold down fees and expenses by having its own personnel and outside counsel do a bare minimum of work, then the Movant may want to reassess this policy. At least in the case at bar, the benefit of such a policy does not outweigh the cost.

For all of the foregoing reasons, this Court denies the Motion in its entirety. This opinion constitutes the Court's findings of fact and conclusions of law[5] pursuant to Federal Rule of Civil Procedure 52, as incorporated into contested matters in bankruptcy cases by Federal Rules of Bankruptcy Procedure 7052 and 9014. The Court will issue a separate order consistent with this memorandum opinion.

SIGNED this 7th day of September, 2005.

Jeff Bohm
United States Bankruptcy Judge

---

[4] Even if counsel for the Movant did not review the Schedules, he certainly knew, or should have known, from a review of the Objection to Proof of Claim, that the Debtors based their objection on the grounds that no documents were attached to the Proof of Claim; and that therefore the Debtors' counsel would not stipulate to the admissibility of a deed of trust that shows the beneficiary to be Associates Financial Services Company of Texas, Inc., not CitiFinancial Mortgage Company.

[5] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. This Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.

cc:
    (1) Walter Thurmond
        via telecopy 713-621-8583

    (2) Richard Aurich/ Reese Baker
        via telecopy 713-869-9100